**SO ORDERED.**

**SIGNED this 08 day of August, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| **JPS FARMS, LLC** | **Case No. 08-04532-8-JRL** |
| Debtor | Chapter 11 |
| | |
| **JOHN PAUL SMITH** | **Case No. 08-04530-8-JRL** |
| Debtor | Chapter 11 |
| | |
| **JPS HOLDINGS, LLC** | **Case No. 08-04531-8-JRL** |
| Debtor | Chapter 11 |
| | |
| **GURGANUS MILLING, LLC** | **Case No. 08-04533-8-JRL** |
| Debtor | Chapter 11 |

_____

**ORDER**

This case is before the court on the debtors' motions for Rule 2004 Examination and Production of Documents of Richard Tucker, Evan Gore, and Branch Banking & Trust Company (BB&T). On August 8, 2008, the court conducted a hearing on these matters in Raleigh, North Carolina.

Each of the four debtors filed for relief under Chapter 11 of the Bankruptcy Code on July 7, 2008 and each debtor currently operates as a debtor in possession. First, the debtors move the court for an order directing that Richard Tucker and Evan Gore appear for examination and to produce

requested documents. Both Mr. Tucker and Mr. Gore are employees of BB&T who dealt with the debtors' accounts and obligations on behalf of BB&T. BB&T is one of the largest, if not the largest, creditor in each of the debtors' cases. The debtors are currently co-obligated to BB&T under a series of notes, with total outstanding debt of approximately $5 million. The debtors believe that Mr. Tucker and Mr. Gore have information regarding property of the debtors and other matters that may affect the administration of the debtors' estates and formulation of their plans. In addition, the debtors move the court for an order directing BB&T appear for examination and produce documents. The debtors are unsure who at BB&T would be the appropriate person to appear and answer questions and asks BB&T to designate a person to appear and do so. The debtors request that Mr. Tucker produce the following documents:

1. The entire claim file of BB&T for each loan to each of the Debtors assigned by BB&T to you for "workout" or other activity.
2. Each email, note, memorandum or other document addressed to anyone concerning any of the Debtors from the date and time you were assigned such Debtor's loan for "workout" or other activity.
3. Any document evidencing any help you rendered any of the Debtors at any time with respect to any BB&T loan to such Debtor.
4. All written instructions you received from BB&T management at any time relating to any of the Debtors, each loan to each Debtor, and your duty, responsibility or directive with respect to such Debtor or such loan.
5. Your personnel file, maintained by your employer, presumably BB&T.

The debtor's request that Mr. Gore produce the following documents:

1. The complete underwriting file for each BB&T loan to each of the Debtors, including without limitation the original file jacket or folder for each.
2. Each email, note, memorandum or other document to or from you to anyone concerning any of the Debtors for the period January 1, 2003, to the date of your response.
3. Each loan underwriting manual or instruction book, booklet, pamphlet, or document describing BB&T's lending philosophy, loan

     underwriting requirements and loan closing documents and instructions for the period January 1, 2003, to the date of your response.

  4. Each loan administration organizational chart for BB&T (North Carolina), if any, for the period January 1, 2003, to the date of your response.

The debtor's request that BB&T produce the following documents:

  1. The complete file for each BB&T loan to each of the Debtors, including without limitation the original file jacket or folder for each.
  2. Each email, note, memorandum or other document to or from anyone concerning any of the Debtors.
  3. Each loan underwriting manual or instruction book, booklet, pamphlet, or document describing BB&T's lending philosophy, loan underwriting requirements and loan closing documents and instructions for the period January 1, 2003, to the date of your response.
  4. Each loan administration organizational chart for BB&T (North Carolina), if any, for the period January 1, 2003, to the date of your response.
  5. Richard Tucker's personnel file, maintained by BB&T.
  6. Any documents tending to show the value of any assets owned by any of the Debtors, which serve or served as collateral for BB&T's loans, currently or pre-petition, or which were liquidated to pay BB&T.

  BB&T objects on the grounds that the motions seek information that exceeds the scope of the examination allowed under Rule 2004.[1] Specifically, BB&T objects to the topic for examination of BB&T that includes "role of the advisory board, including without limitation identification of membership advisory board." BB&T also objects to the requests for Richard Tucker's personnel

---

[1] BB&T also objected to the Rule 2004 motions on the grounds that the procedure used by the debtors is not authorized by Rule 2004. Rule 2004(c) provides that "the attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial." While BB&T is technically right in its assertion it could require a subpoena, BB&T has been offered the protections of Rule 2004 and Rule 9016 and BB&T represented at the hearing that it is content to proceed based on this order.

file, the loan administration organizational charts for BB&T, and the loan underwriting manual and instruction books.

Based on the record, the court ALLOWS the Motions for 2004 Examination and Production of Documents, subject to the following limitations. First, the request as to the advisory board is limited to the identity of the advisory board for the Whiteville, N.C. branch of BB&T and any written instructions or description of duties that pertain directly to that advisory board. Second, the request for production of the administrative charts of BB&T is limited to the administrative chart for the Whiteville, N.C. branch since 2003. Third, the request for production of the personnel file of Richard Tucker is denied, as it includes proprietary and personal information the relevance of which has not yet been shown. Finally, the request for production of BB&T's underwriting manuals is denied as a showing has not yet been made as to the relevance or necessity for the production of such documents.

"**END OF DOCUMENT**"