**SO ORDERED.**

**SIGNED this 29 day of April, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| JOHN PAUL SMITH | Case No. 08-04530-8-JRL |
| JPS HOLDINGS, LLC | Case No. 08-04531-8-JRL |
| JPS FARMS, LLC | Case No. 08-04532-8-JRL |
| GURGANUS MILLING, LLC, | Case No. 08-04533-8-JRL |
| DEBTORS. | Chapter 11 |

_____

## ORDER

This case is before the court on the motion to allow substantive consolidation of chapter 11 cases by the debtors. On April 21, 2009, the court conducted a hearing on this matter in Wilmington, North Carolina.

### BACKGROUND

John Paul Smith is an individual debtor who is the sole owner and principal of JPS Farms, LLC, Gurganus Milling, LLC, and JPS Holdings, LLC. JPS Farms, LLC owns and operates a grain elevator facility. Gurganus Milling, LLC operates a general mercantile and feed store which it leases from JPS Holdings, LLC. BB&T is the largest secured creditor of the debtors pursuant to a proof of claim in the amount of $5,229,802.02.

On November 12, 2008, each of the debtors filed a chapter 11 plan. At the hearing on confirmation, the debtors admitted that their plans were unlikely to be confirmed over the objections of BB&T and other creditors, and the court entered an order instructing the debtors to file modified plans by February 6, 2009. The debtors filed a motion to substantively consolidate their cases on January 22, 2009 and a consolidated plan on February 6, 2009. Both BB&T and the Bankruptcy Administrator filed objections to the debtors' motion for substantive consolidation.

## DISCUSSION

The court has authority to grant substantive consolidation of separate bankruptcy estates pursuant to its general equitable powers under § 105 of the Bankruptcy Code. See Union Sav. Bank v. Augie/Restivo Baking Co., Ltd. (In re Augie/Restivo Baking Co.), 860 F.2d 515, 518 (2d Cir. 1988). In determining whether substantive consolidation is necessary, this court has adopted the two-factor test developed by the Second Circuit in Augie/Restivo. See In re Convalescent Ctr. of Roanoke Rapids, Inc., Case No. 06-00310-8-RDD (Bankr. E.D.N.C. Aug. 7, 2006); In re Eagle Creek Subdivision, LLC, Case No. 08-04292-8-JRL (Bankr. E.D.N.C. Nov. 26, 2008). Under this test, the court will consider (i) "whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit, . . . or (ii) whether the affairs of the debtors are so entangled that consolidation will benefit all creditors." In re Convalescent Ctr. at 5 (citing Augie/Restivo, 860 F.2d 515, 518 (2d Cir. 1988)). Substantive consolidation is an extraordinary remedy and should "be used sparingly." Augie/Restivo, 860 F.2d at 518 (quoting Chem. Bank New York Trust Co. v. Kheel, 369 F.2d 845, 847 (2d Cir. 1966)).

In response to the debtors' request for substantive consolidation, BB&T argues that the debtors cannot satisfy either prong of the Augie/Restivo test. First, BB&T asserts that the creditors

of the debtors did not treat the debtors as a single economic unit. In support of this position, BB&T established that the majority of unsecured creditors in these cases dealt with each debtor individually. In addition, BB&T established that the debtors treated each other as separate and distinct economic entities, as evidenced in part by the fact that the debtors' schedules listed Gurganus Milling, LLC as a creditor of the other debtors. Second, BB&T asserts that the affairs of the debtors were not so entangled as to require substantive consolidation. The debtors have consistently proceeded as separate entities. Further, each debtor has separate assets, performs different business functions, entered into separate contracts, and filed its own schedules and chapter 11 plans. As a result, BB&T contends that substantive consolidation is not justified.

The Bankruptcy Administrator also opposes substantive consolidation of the debtors' cases. The Bankruptcy Administrator argues that substantive consolidation is inappropriate because most, if not all, of the creditors in these cases believed they were dealing with separate entities when extending credit. The Bankruptcy Administrator established that although BB&T's secured claim was shared by all four of the debtors, there was no overlap in the majority of unsecured claims against the debtors. Additionally, the Bankruptcy Administrator asserts that the affairs of the debtors were not impossible or overly costly to untangle. In support of this position, the Bankruptcy Administrator established that each debtor filed separate and distinct chapter 11 petitions, schedules, plans, and disclosure statements. In addition, each debtor accounted for its operating costs and revenues in separate monthly reports submitted to the court.

The court agrees with BB&T and the Bankruptcy Administrator that substantive consolidation is neither appropriate nor justified in these cases. Although the debtors share the secured claim of BB&T, the vast majority of unsecured creditors dealt with the debtors as separate

economic units. In addition, it is clear from the record that the affairs of the debtors were not so entangled as to require substantive consolidation. The debtors structured themselves as separate entities with separate collateral, credit, and contractual arrangements. Further, the debtors filed separate chapter 11 plans, disclosure statements, schedules, and monthly reports. As a result, the court finds that the debtors have failed to satisfy either prong under the Augie/Restivo test for substantive consolidation.

Based on the foregoing, the debtors' motion for substantive consolidation is DENIED. Each of the debtors has 20 days from the date of this order to file an amended plan, or else its case will be dismissed without the need for further hearing.

"END OF DOCUMENT"