**SO ORDERED.**

**SIGNED this 20 day of February, 2015.**



_____
**David M. Warren
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:                                                          CASE NO. 08-04530-8-DMW

**JOHN PAUL SMITH**

                                                                              CHAPTER 11

                     DEBTOR

## ORDER REOPENING CHAPTER 11 CASE

This matter comes on to be heard upon the Motion to Reopen Chapter 11 Case ("Motion") filed by Wells Fargo, National Association[1] ("Wells Fargo") dated October 3, 2014, and the response filed by John Paul Smith ("Debtor") on October 16, 2014. The court conducted a hearing in Raleigh, North Carolina on December 18, 2014. Francisco T. Morales, Esq. appeared on behalf of Wells Fargo, and Ciara L. Rogers, Esq. appeared on behalf of the Debtor. Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1.     This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this

---

[1] Wells Fargo is successor-in-interest to Wachovia Bank, National Association, successor in interest to World Savings Bank, FSB.

matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on July 7, 2008 ("Petition Date"). The court confirmed the Debtor's Chapter 11 plan of reorganization ("Plan") on February 3, 2010.

3. The Debtor was unable to meet the terms and conditions under the Plan. The Debtor's failure to achieve substantial consummation of the Plan resulted in the Debtor filing a Motion to Dismiss case on June 29, 2012. After a hearing, the court entered an Order Allowing Debtor's Motion to Dismiss on October 4, 2012. The clerk administratively closed the case on October 19, 2012.

4. On May 14, 2013, Wells Fargo commenced an action ("Foreclosure Action") in the Columbus County Superior Court, File No. 13-SP-121 to foreclose upon a Deed of Trust that Wells Fargo alleges encumbers real property ("Property") owned by the Debtor. On March 13, 2014, the Clerk in that action issued an Order allowing for a foreclosure sale of the Property. The Debtor appealed the Foreclosure Order to the Columbus County Superior Court.

5. On June 26, 2014, in an attempt to interpret the pleadings filed with and Orders entered by this court, the Superior Court issued an Order ("Dismissal Order") dismissing the Foreclosure Action. In Paragraph 15 of the Dismissal Order, the court stated:

> Upon entry of the Order Confirming the Plan of John Paul Smith, ordering that Claim 5 of Wells Fargo would be paid as a general unsecured claim, the lien of Wells Fargo was made void by operation of 11 U.S.C. § 1141(c), and the obligation of John Paul Smith was replaced by the terms of the [Bankruptcy Court's] Order Confirming Plan [in the original bankruptcy case]. *McNaughton-McKay Electric Co. of N.C., Inc. v. Andrich*, 324 S.C. 275 (1997); *In re Curry*, 99 B.R. 409, 410 (Bankr.C.D.Ill.1989). Because the lien is void, the Trustee does not have the right to foreclose on the security instrument.

6. On July 25, 2014, Wells Fargo appealed the Dismissal Order to the North Carolina Court of Appeals.

7. The bankruptcy court in which a case was closed has discretion to reopen a case "for cause." *See* 11 U.S.C. § 350(b); *Hawkins v. Landmark Fin. Co. (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir. 1984). The bankruptcy court retains jurisdiction to reopen a case to determine whether a claim was discharged by a Chapter 11 plan. *In re Barbetta, LLC*, Case No. 11-04370, 2014 Bankr. LEXIS 3121, at *12 (Bankr. E.D.N.C. July 23, 2014).

8. Under Section XIII (Retention of Jurisdiction) of the Debtor's confirmed Chapter 11 Plan, this court retained jurisdiction for the following purposes, among others: "(4) to determine all controversies and disputes arising under or in connection with the Plan; [. . .] (7) to determine such other matters and for such other purposes as may be provided for in the confirmation order; [. . .] and (8) to determine all disputes regarding property of the estate."

9. Under Section XV (Discharge) of the Debtor's confirmed Chapter 11 Plan, the Debtor anticipated being able to reopen the case. The Plan states: " . . . the Debtor will seek to have the case automatically re-opened" as needed by the Debtor and without the obligation to pay a fee to the court for that administrative action. The Debtor's argument against reopening the case in the Response is inconsistent with the Debtor's prior intent and Plan language.

10. This court is the best forum for deciding the meaning of its own Orders and matters that have come before it, the implementation and execution of the Plan, and the effect of the bankruptcy case upon Wells Fargo's lien; now therefore,

It is ORDERED, ADJUDGED and DECREED as follows:

1. The Motion is granted and the case is hereby reopened;

2. Wells Fargo has 30 days from the date of this Order to file a motion or adversary proceeding for any relief requested;

3. The Debtor has 14 days to file a response to the motion or adversary proceeding, if filed; and

4. Wells Fargo shall pay any reopening fees and quarterly fees that may arise during the time the case is reopened.

END OF DOCUMENT