**SO ORDERED.**

**SIGNED this 10 day of July, 2015.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:                                                                CASE NO. 08-04530-8-DMW

JOHN PAUL SMITH

                                                                                  CHAPTER 11
               DEBTOR

### ORDER REGARDING CONSUMMATION OF PLAN

This matter comes on to be heard upon the Motion for Order in Aid of Consummation of Plan ("Plan Consummation Motion") filed by Wells Fargo, National Association[1] ("Wells Fargo") on March 23, 2015, and the response filed by John Paul Smith ("Debtor") on April 6, 2015. The court conducted a hearing in Raleigh, North Carolina on April 30, 2015. Julie B. Pape, Esq. and Francisco T. Morales, Esq. appeared on behalf of Wells Fargo, and Ciara L. Rogers, Esq. appeared on behalf of the Debtor. Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1.    This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this

---

[1] Wells Fargo is successor-in-interest to Wachovia Bank, National Association, successor in interest to World Savings Bank, FSB.

matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on July 7, 2008 ("Petition Date"). The court confirmed the Debtor's Chapter 11 Plan of Reorganization ("Plan") with a confirmation order ("Confirmation Order") entered on February 3, 2010.

3. Paragraph 4 of the Confirmation Order stated:

> Except as provided in this Order, the Plan, or in Section 1141(d) of the Bankruptcy Code, the Debtor is hereby released from all dischargeable debts, provided, however, that confirmation is expressly conditioned upon the Debtor providing for the payment of all allowed claims assertable against the Debtor's estate as specified in the Plan and in this Order.

4. The Debtor was unable to meet the terms and conditions under the Plan. The Debtor's failure to achieve substantial consummation of the Plan resulted in the Debtor filing a Motion to Dismiss his case on June 29, 2012. After a hearing on the Motion to Dismiss, the court entered an Order Allowing Debtor's Motion to Dismiss on October 4, 2012. The clerk administratively closed the case on October 19, 2012.

5. On May 14, 2013, Wells Fargo commenced an action ("Foreclosure Action") in the Columbus County Superior Court, File No. 13-SP-121, to foreclose upon a Deed of Trust recorded in Book 913, Page 432, Columbus County Registry, granted by the Debtor to secure a loan from Wells Fargo. The collateral granted under that Deed of Trust is 1902 Baldwin Road, Whiteville, Columbus County, NC ("Property"). On March 13, 2014, the clerk in that action issued an Order allowing for a foreclosure sale of the Property. The Debtor appealed the Order allowing the foreclosure sale to the Columbus County Superior Court.

6. On June 26, 2014, in an attempt to interpret the pleadings filed in this case and Orders entered by this court, the Columbus County Superior Court issued an Order ("Dismissal Order") dismissing the Foreclosure Action. In Paragraph 15 of the Dismissal Order, the court stated:

> Upon entry of the Order Confirming Plan of John Paul Smith, ordering that Claim 5 of Wells Fargo would be paid as a general unsecured claim, the lien of Wells Fargo was made void by operation of 11 U.S.C. § 1141(c), and the obligation of John Paul Smith was replaced by the terms of the [Bankruptcy Court's] Order Confirming Plan. *McNaughton-McKay Electric Co. of N.C., Inc. v. Andrich*, 324 S.C. 275 (1997); *In re Curry*, 99 B.R. 409, 410 (Bankr. C.D. Ill. 1989). Because the lien is void, the Trustee does not have the right to foreclose on the security instrument.

7. On July 25, 2014, Wells Fargo appealed the Dismissal Order to the North Carolina Court of Appeals.

8. On October 3, 2014, Wells Fargo filed a Motion to Reopen the Debtor's Chapter 11 Case ("Motion to Reopen") in order to have this court determine the meaning and effect of the Plan and Confirmation Order on Wells Fargo's lien on the Property. The court granted the Motion to Reopen on February 20, 2015 and instructed Wells Fargo to file a motion or adversary proceeding requesting relief within 30 days.

9. Wells Fargo timely filed the Plan Consummation Motion. The Plan Consummation Motion seeks an order finding that the Plan and the Confirmation Order did not discharge Wells Fargo's lien on the Property, thereby allowing the Foreclosure Action to proceed.

10. While the Columbus County Superior Court may be adept at interpreting some orders, this court is the best forum for deciding the meaning of its own orders and matters that have come before it. These matters include, but are not limited to, the implementation and execution of the Plan and the effect of the bankruptcy case upon Wells Fargo's lien. In addition,

the Plan specifically provided in Section XIII that this court would retain jurisdiction "to determine all controversies and disputes arising under or in connection with the Plan."

11.     The Debtor argues that the Confirmation Order did not require all payments to be made before confirmation, but simply required the Debtor to make a *provision* for how each class would be paid. The Debtor focuses on the phrase "providing for the payment" to make this argument. That reading of Paragraph 4 of the Confirmation Order is incorrect. The Debtor asks the court to interpret the condition imposed by Paragraph 4 of the Confirmation Order as simply drafting the document. In other words, all the Debtor needed to do was to make the provisions in the Plan to obtain confirmation. That process is a normal occurrence during the confirmation process, but other protections are in place for creditors if a debtor does not perform. In the present case Wells Fargo agreed to some very drastic concessions with the understanding the Debtor was going to perform. Without the protection of the condition precedent language in Paragraph 4 of the Confirmation Order, the treatment of Wells Fargo could hardly be fair and equitable. The more logical reading of the Confirmation Order defines the term "providing for" as actually providing the money and making the required payment.

12.     The Debtor asserts that the Property is stripped of Wells Fargo's lien under 11 U.S.C. § 1141(c). That section provides that after confirmation, property dealt with by a plan is free and clear of all claims and interest of creditors of the debtor. Section 1141(c) does not apply if a condition to confirmation as provided in the plan or the order confirming the plan has not been met.

13.     The Debtor dismissed the case before paying all allowed claims as required by the Confirmation Order. The Confirmation Order is clear. Confirmation of the Plan is expressly conditioned on the Debtor paying all allowed claims assertable against the Debtor's estate. The

4

Debtor did not pay those claims and elected to dismiss his case. The dismissal negates the terms and conditions in the Plan, and the debtor-creditor relationship between the Debtor and Wells Fargo is unaffected by the Plan and by the bankruptcy case. In other words, because a condition of confirmation did not occur, § 1141(c) was not implicated, and Wells Fargo's lien was not stripped under § 1141(c).

14. Even if the Debtor could argue that the language of the Plan is far more clear than the Confirmation Order, the Confirmation Order dictates that in the event the Plan language is inconsistent with the Confirmation Order, the provisions of the Confirmation Order shall govern.

15. The Debtor may assert in the Foreclosure Action that he has received a discharge, but that assertion would be patently false. The record is clear that this court did not grant a discharge. Section 1141(d)(5)(A), which deals with an individual debtor, states that "confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge upon completion of all payments under the plan." The Debtor did not make all plan payments in this case, and he is not entitled to a discharge; now therefore,

It is ORDERED, ADJUDGED and DECREED as follows:

1. The Plan was never confirmed;

2. The Wells Fargo lien on the Property is unaffected by the Plan and this bankruptcy case; and

3. The Debtor did not receive a discharge pursuant to 11 U.S.C. § 1141(d)(5)(A).

END OF DOCUMENT