UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-156-BO

| | |
|---|---|
| JOHN PAUL SMITH, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Appellee. ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

This cause comes before the Court on John Paul Smith's appeal of the Bankruptcy Court for the Eastern District of North Carolina's Order of July 10, 2015, regarding consummation of a Chapter 11 reorganization plan. For the reasons discussed below, the decision of the bankruptcy court is affirmed.

BACKGROUND

On November 7, 2007, appellant and debtor, Smith, executed a promissory note in the amount of $148,000 in favor of World Savings Bank, FSB. The note was secured by a second priority deed of trust on real property in Columbus County, North Carolina. In July 2008, Smith filed a petition for relief under Chapter 11 of the Bankruptcy Code. Appellee, Wells Fargo, through its predecessor-in-interest, filed a proof of claim asserting a secured lien on the property in the amount of $146,559.52. Smith's amended plan of reorganization proposed to treat Wells Fargo's claim as secured in the amount of $60,000, with the balance classified as a general, unsecured claim. The bankruptcy court entered a confirmation order on February 3, 2010,

confirming Smith's amended Chapter 11 plan subject to modifications and finding that Wells Fargo's entire claim would be treated as a general unsecured claim. [DE 9-1 at 21].

Smith was unable to meet the terms and conditions imposed by the Chapter 11 plan, and on June 29, 2012, filed a motion to dismiss. *Id.* at 27. Following a hearing, the bankruptcy court allowed the motion to dismiss on October 4, 2012. *Id.* at 30. On May 14, 2013, Wells Fargo commenced a foreclosure action in Columbus County Superior Court on the deed of trust granted by Smith to secure his loan from appellee. [DE 1-1 at 2]. After the Craven County clerk allowed for foreclosure of the property, the Columbus County Superior Court entered an order holding that Wells Fargo's lien was void in light of the confirmation order. *Id.* Wells Fargo noticed an appeal of that order to the North Carolina Court of Appeals and filed a motion to reopen the Chapter 11 case in the bankruptcy court. *Id.* at 33. In the bankruptcy court, Wells Fargo sought a determination of the meaning and effect of the Chapter 11 plan and confirmation order on its lien.

On July 27, 2015, the bankruptcy court, the Honorable David M. Warren presiding, entered an order holding that Smith's Chapter 11 plan was never confirmed, that Wells Fargo's lien on the subject property is unaffected by the plan and the bankruptcy case, and that Smith did not receive a discharge under 11 U.S.C. § 1141(d). This order is the subject of the instant appeal.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact

shall not be set aside unless clearly erroneous. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation marks omitted). Legal conclusions made by the bankruptcy court are reviewed de novo. *In re White*, 487 F.3d at 204. Mixed questions of law and fact are also reviewed de novo. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

## DISCUSSION

Smith raises the following issues on appeal: was the debtor's case confirmed by the 3 February 2010 order; did the dismissal of the debtor's case void all of the orders of the bankruptcy court and effectively return the debtor to the same petition he was in on the petition date; was appellee's lien revived when the debtor's case was dismissed; was debtor required to make all payments proposed in his reorganization plan as a prerequisite to confirmation of the plan; and did the language of paragraph four of the 3 February 2010 order mean to actually make all payments proposed in the plan or provide for the payments to be made through a proposed plan of reorganization that complies with 11 U.S.C. § 1129.

At bottom, Smith seeks a determination that the bankruptcy court's interpretation of its own order is incorrect. The bankruptcy court, however, is in "the best position to interpret its own orders," and such interpretation "warrants customary appellate deference." *In re Tomlin*, 105 F.3d 933, 941 (4th Cir. 1997) (quoting *Texas N.W. Ry. Co. v. Atchison, Topeka and Santa Fe Ry. Co. (In re Chicago, Rock Island & Pac. R.R. Co.)*, 860 F.2d 267, 272 (7th Cir.1988)) (internal quotation marks omitted); *see also In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 227 (4th Cir. 2005) (substantial deference given to bankruptcy court's interpretation of its

own orders). Moreover, though Smith questions the bankruptcy court's authority to interpret its prior order, likening it to the bankruptcy court conducting its own appellate review, the bankruptcy court "plainly had jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).

Smith contends that the order of confirmation entered 3 February 2010 was a final order which confirmed the reorganization plan without condition. Paragraph 4 of the bankruptcy court's February 2010 confirmation order states:

> Except as provided in this Order, the Plan, or in Section 1141(d) of the Bankruptcy Code, the Debtor is hereby released from all dischargeable debts, provided however, that confirmation is expressly conditioned upon the Debtor providing for the payment of all allowed claims assertable against the Debtor's estate as specified in the Plan and in this Order.

[DE 9-1 at 25]. The plain language of the order reveals that confirmation was "expressly conditioned" on a condition precedent. Smith's next argument concerns whether the condition precedent – his "providing for payment of all allowed claims . . ." – was properly interpreted by the bankruptcy court in its order regarding consummation. The bankruptcy court held that Smith's reading of the condition precedent to mean that confirmation of the plan was conditioned on Smith's drafting of a Chapter 11 plan which would *arrange for* payment of allowed claims at a future date was incorrect. This Court agrees. The purpose of drafting a reorganization plan under Chapter 11 is, *inter alia*, to identify and arrange for payment of allowed claims. 11 U.S.C. § 1123. To condition confirmation of the plan upon the drafting of the plan would be illogical and render the entirety of the express condition meaningless; an interpretation of the order which gives "reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect." *In re Deep River Warehouse, Inc.*, 04-52749, 2005 WL 1513123, at *7 (Bankr. M.D.N.C. June 22, 2005)).

4

The bankruptcy court correctly concluded that the 3 February 2010 confirmation order conditioned confirmation of the Chapter 11 plan on Smith's making the payments on allowed claims as required under the plan. Because Smith did not pay the allowed claims pursuant to the plan and voluntarily dismissed his bankruptcy case, the condition precedent to confirmation was not satisfied. Smith's reorganization plan was therefore not confirmed, and he cannot derive the benefits of Chapter 11 protection. Moreover, because the plan was not confirmed, Wells Fargo's lien on Smith's property was neither stripped nor discharged, leaving Wells Fargo in the same relationship with Smith as it was pre-petition. *See* 11 U.S.C. §§ 1141(c); (d)(5)(A).

## CONCLUSION

Smith has presented no argument to this Court which persuades it that the bankruptcy court erred in its interpretation of its own order. Accordingly, applying the requisite deference and for the reasons stated by the bankruptcy court, the order on consummation entered in this matter on July 10, 2015, is AFFIRMED.

SO ORDERED, this 18 day of February, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE